## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br><br>     v.<br><br><br>LEON G. COOPERMAN and OMEGA ADVISORS, INC.,<br>     Defendants. | Case No. 2:16-cv-05043-JS |

### DEFENDANTS LEON G. COOPERMAN'S AND
### <u>OMEGA ADVISORS, INC.'S ANSWER TO THE COMPLAINT</u>

## GENERAL AND SPECIFIC RESPONSES

Defendants Leon G. Cooperman ("Cooperman") and Omega Advisors, Inc. ("Omega," and, with Cooperman, "Defendants"), by their undersigned attorneys, for their Answer, Defenses, and Affirmative Defenses to the complaint (the "Complaint"), upon personal knowledge and/or upon information and belief, state as follows:

1.      Deny the allegations in Paragraph 1.

2.      Deny the allegations in Paragraph 2, except admit that Cooperman and Omega had investments in APL securities in 2010 and that, during the summer of 2010, APL sold its Elk City operating facilities.

3.      Deny the allegations in Paragraph 3, except deny knowledge or information sufficient to form a belief as to the truth or falsity of what APL Executive 1 "believed."

4.      Deny the allegations in Paragraph 4, except admit that on July 28, 2010, APL announced that it had agreed to sell Elk City for $682 million and that APL's stock price increased following the announcement, and respectfully refer the Court to APL's public filings and press releases as well as public records for a complete and accurate description of the transaction and APL's share price history.

5.      Deny the allegations in Paragraph 5, except admit that Omega received a subpoena from the Securities and Exchange Commission in December 2011 regarding trading in APL securities.

6.      State that no response is required to the allegations in Paragraph 6 to the extent they relate to Counts II and III of the Complaint because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.  To the extent a response is required, deny the allegations in Paragraph 6.

7.   State that no response is required to the allegations in Paragraph 7 to the extent they relate to Counts II and III of the Complaint because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.  The remaining allegations in Paragraph 7 state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations in Paragraph 7.

8.   The allegations in Paragraph 8 state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations in Paragraph 8, except admit that the SEC has brought this action.

9.   State that no response is required to the allegations in Paragraph 9 to the extent they relate to Counts II and III of the Complaint because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.  To the extent the allegations in Paragraph 9 relate to Count I of the Complaint, admit the allegations in Paragraph 9.

10.  State that no response is required to the allegations in Paragraph 10 to the extent they relate to Counts II and III of the Complaint because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.  To the extent the allegations in Paragraph 10 relate to Count I of the Complaint, deny the allegations in Paragraph 10.

11.  Deny the allegations in Paragraph 11, except admit that Mr. Cooperman resides in Florida, is the president, chief executive officer and majority stockholder of Omega, that he is the Managing Member of Omega Associates, L.L.C. and the general partner of certain Omega funds, that he controlled, managed, and/or directed certain trading for the funds and accounts identified in Paragraph 11, and that in July 2010 he served as a

director and chairman of the audit committee of the board of directors of a public company.

12.     Admit the allegations in Paragraph 12.

13.     Admit, on information and belief, the allegations in Paragraph 13.

14.     Admit, on information and belief, the allegations in Paragraph 14.

15.     Admit the allegations in Paragraph 15.

16.     Admit, on information and belief, the allegations in Paragraph 16.

17.     Admit, on information and belief, the allegations in Paragraph 17.

18.     Admit the allegations in Paragraph 18.

19.     Deny the allegations in Paragraph 19, except admit that a call option gives the purchaser-holder of the option the right, but not the obligation, to purchase a security at the specified strike price within a specific time period and that a call option is out-of-the-money if, at the time the holder purchases the call option, the strike price exceeds the current price for the underlying share of stock.

20.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, except admit that APL experienced financial difficulties throughout 2010 and had not declared a cash dividend for the fiscal quarters ending June 30, 2009 through June 2010, and respectfully refer the Court to APL's public filings for a complete and accurate description of such matters.

21.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, except admit that APL announced efforts in 2010 to improve its financial condition, and respectfully refer the Court to APL's public filings for a complete and accurate description of such matters.

22.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22.

23.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23.

24.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25.

26.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26.

27.    Deny the allegations in Paragraph 27, except admit that APL announced the sale of its Elk City operating facilities on July 28, 2010, and respectfully refer the Court to APL's public filings and press releases as well as public records concerning APL's share price for a complete and accurate description of such matters.

28.    Deny that the allegations in Paragraph 28 present a fair and accurate description of Cooperman's investment strategy, and therefore deny the allegations therein, except admit that by July 2010, Cooperman had been a hedge fund manager for a number of years.

29.    Deny that the allegations in Paragraph 29 present a fair and accurate description of Cooperman's investment strategy or his relationship with APL senior executives, and therefore deny the allegations therein, except admit that Cooperman had a relationship with certain APL senior executives and that, according to publicly available documents, as of December 31, 2009, Cooperman was the beneficial owner of over nine percent of

APL's common stock, and respectfully refer the Court to APL's and Cooperman's public filings for a complete and accurate description of such matters.

30.    Deny the allegations in Paragraph 30, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other APL shareholders and admit that Cooperman had telephone conversations and meetings with APL executives.

31.    Deny that the allegations in Paragraph 31 present a fair and accurate description of Defendants' APL investments or the April 30, 2010 email identified therein, and therefore deny the allegations therein, and respectfully refer the Court to Defendants' trading records and that email for their complete contents.

32.    Deny that the allegations in Paragraph 32 present a fair and accurate description of the July 7, 2010 email identified therein, and therefore deny the allegations therein, and respectfully refer the Court to that email for an accurate statement of its contents.

33.    Deny the allegations in Paragraph 33, except admit that telephone records indicate that Cooperman spoke with APL Executive 1 on the telephone on July 7, 19, and 20.

34.    Deny the allegations in Paragraph 34, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 concerning APL Executive 1's "belief."

35.    Deny that the allegations in Paragraph 35 present a fair and accurate description of Defendants' investments in APL securities, and therefore deny the allegations therein, except admit that telephone records indicate that Cooperman spoke to APL Executive 1 by telephone on July 7, 2010, and respectfully refer the Court to Cooperman's July 7, 2010 email and trading records for a complete and accurate description of such matters.

36.     Deny that the allegations in Paragraph 36 present a fair and accurate description of
        Defendants' investments in APL securities, and therefore deny the allegations therein,
        except deny knowledge or information sufficient to form a belief as to the truth or falsity
        of the allegations in Paragraph 36 concerning trading volume, and respectfully refer the
        Court to Defendants' trading records for their complete contents.

37.     Deny that the allegations in Paragraph 37 present a fair and accurate description of
        Defendants' investments in APL securities, and therefore deny the allegations therein,
        and respectfully refer the Court to Defendants' trading records for their complete
        contents.

38.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the
        allegations in Paragraph 38, except admit that phone records indicate that Cooperman
        spoke on the telephone with APL Executive 1 on July 19, 2010.

39.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the
        allegations in Paragraph 39, except admit that Cooperman's electronic calendar reflects
        an entry for July 27, 2010 at 10:30 a.m. with the subject line "APL Board Meeting."

40.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the
        allegations in Paragraph 40, except admit that telephone records indicate that Cooperman
        spoke with APL Executive 1 on July 20, 2010.

41.     Deny the allegations in Paragraph 41, except admit that telephone records indicate that
        Cooperman and Omega Consultant spoke by telephone on July 20, 2010.

42.     Deny that the allegations in Paragraph 42 present a fair and accurate description of
        Defendants' investments in APL securities, and therefore deny the allegations therein,

and respectfully refer the Court to Defendants' trading records for their complete contents.

43.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 concerning Omega Consultant's actions, and deny that the allegations in Paragraph 43 concerning Omega Consultant's model present a fair and accurate description of the model, and respectfully refer the Court to the model for its complete contents.

44.    Deny that the allegations in Paragraph 44 present a fair and accurate description of Defendants' investments in APL, and therefore deny the allegations therein, and respectfully refer the Court to Defendants' trading records for their complete contents.

45.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, and therefore deny the allegations therein, except admit that telephone records indicate that Cooperman spoke with APL Executive 2 by telephone on July 22, 2010.

47.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47, and therefore deny the allegations therein, except admit that telephone records indicate that Cooperman spoke with APL Executive 1 by telephone on July 27, 2010.

48.    Deny that the allegations in Paragraph 48 present a fair and accurate description of the emails described therein, and therefore deny the allegations therein, and respectfully refer the Court to the emails for their complete contents.

49.    Admit the allegations in Paragraph 49, and respectfully refer the Court to the email described therein for its complete contents.

50.    Deny that the allegations in the first sentence of Paragraph 50 present a fair and accurate description of the email described therein, and therefore deny the allegations therein, and respectfully refer the Court to the email for its complete contents.  The second sentence of Paragraph 50 calls for a legal conclusion to which no response is required.

51.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and therefore deny the allegations therein, except admit that, according to publicly available documents, APL announced on July 28, 2010 that it was selling Elk City for $682 million and that APL's stock price rose on the day of the announcement, and respectfully refer the Court to APL's press release and other news articles concerning the transaction as well as public records for a complete and accurate description of the transaction and APL's share price history.

52.    Deny that the allegations in Paragraph 52 present a fair and accurate description of the email described therein, and therefore deny the allegations therein, and respectfully refer the Court to the email for its complete contents.

53.    Deny the allegations in Paragraph 53.

54.    Deny the allegations in Paragraph 54.

55.    Deny the allegations in the first sentence of Paragraph 55, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 55, and therefore deny the allegations therein, and respectfully refer the Court to the email described therein for its complete contents.

56.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57.     Deny the allegations in the third sentence of Paragraph 57, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second and fourth sentences of Paragraph 57.

58.     Deny the allegations in the second sentence of Paragraph 58, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 58.

59.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59, except admit that Cooperman received a subpoena for testimony from the SEC and that, on the advice of counsel, invoked his Fifth Amendment privilege against self-incrimination.

60.     Deny the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 state a legal conclusion to which no response is required. To the extent a response is required, deny the allegations in Paragraph 61, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 61, and respectfully refer the Court to public records for a complete and accurate description of APL's share price history.

62.     Deny the allegations in Paragraph 62.

63.     Deny the allegations in Paragraph 63.

64.     Deny the allegations in Paragraph 64.

65.     Deny the allegations in Paragraph 65.

66.     Deny the allegations in Paragraph 66.

67.     Deny the allegations in Paragraph 67.

68.     Deny the allegations in Paragraph 68, except admit that Cooperman is the CEO,
        president, and majority stockholder of Omega.

69.     State that no response is required to the allegations in Paragraph 69 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

70.     State that no response is required to the allegations in Paragraph 70 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

71.     State that no response is required to the allegations in Paragraph 71 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

72.     State that no response is required to the allegations in Paragraph 72 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

73.     State that no response is required to the allegations in Paragraph 73 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

74.     State that no response is required to the allegations in Paragraph 74 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

75.     State that no response is required to the allegations in Paragraph 75 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

76.     State that no response is required to the allegations in Paragraph 76 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

77.     State that no response is required to the allegations in Paragraph 77 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

78.     State that no response is required to the allegations in Paragraph 78 because they are no
        longer applicable following the Court's March 20, 2017 Memorandum and Order.

79.     State that no response is required to the allegations in Paragraph 79 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

80.     State that no response is required to the allegations in Paragraph 80 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

81.     State that no response is required to the allegations in Paragraph 81 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

82.     State that no response is required to the allegations in Paragraph 82 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

83.     State that no response is required to the allegations in Paragraph 83 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

84.     State that no response is required to the allegations in Paragraph 84 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

85.     State that no response is required to the allegations in Paragraph 85 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

86.     State that no response is required to the allegations in Paragraph 86 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

87.     State that no response is required to the allegations in Paragraph 87 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

88.     State that no response is required to the allegations in Paragraph 88 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

89.     State that no response is required to the allegations in Paragraph 89 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

90.   State that no response is required to the allegations in Paragraph 90 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

91.   State that no response is required to the allegations in Paragraph 91 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

92.   State that no response is required to the allegations in Paragraph 92 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

93.   State that no response is required to the allegations in Paragraph 93 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

94.   State that no response is required to the allegations in Paragraph 94 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

95.   State that no response is required to the allegations in Paragraph 95 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

96.   State that no response is required to the allegations in Paragraph 96 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

97.   State that no response is required to the allegations in Paragraph 97 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

98.   State that no response is required to the allegations in Paragraph 98 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

99.   State that no response is required to the allegations in Paragraph 99 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

100.   State that no response is required to the allegations in Paragraph 100 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

101.    State that no response is required to the allegations in Paragraph 101 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

102.    Admit the allegations in Paragraph 102.

103.    Incorporate, as if set forth in full, the responses to the allegations in paragraphs 1 to 102.

104.    The allegations in Paragraph 104 state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations in Paragraph 106.

107.    The allegations in Paragraph 107 state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations in Paragraph 107, except admit that Cooperman is Omega's CEO, president, and majority stockholder.

108.    The allegations in Paragraph 108 state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations in Paragraph 108.

109.    State that no response is required to the allegations in Paragraph 109 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

110.    State that no response is required to the allegations in Paragraph 110 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

111.    State that no response is required to the allegations in Paragraph 111 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

112.    State that no response is required to the allegations in Paragraph 112 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

113.    State that no response is required to the allegations in Paragraph 113 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

114.    State that no response is required to the allegations in Paragraph 114 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

115.    State that no response is required to the allegations in Paragraph 115 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

116.    State that no response is required to the allegations in Paragraph 116 because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

## ANSWER TO PRAYER FOR RELIEF

Defendants state that no response is required to the Prayer for Relief to the extent it relates to Counts II and III of the Complaint because those counts are no longer applicable following the Court's March 20, 2017 Memorandum and Order.  To the extent the Prayer for Relief relates to Count I of the Complaint, Defendants deny that the SEC is entitled to the relief requested, including permanently restraining and enjoining, disgorgement, civil monetary penalties, prohibitions, or any other relief.

## GENERAL DENIAL

With respect to the Complaint in its entirety, Omega and Cooperman deny that they engaged in any wrongful, illegal, or improper conduct, and aver that each of them is innocent.  Except as expressly admitted above, all allegations addressed, referring, or relating in any way to both Omega and Cooperman are denied.  To the extent that any of the headings contained in the Complaint are allegations directed at Defendants, they are denied.  Defendants respectfully refer the Court to the original source or document for an accurate and complete statement of all the information thereof.  Defendants reserve the right to challenge the

14

authenticity of all sources and documents referred to or purportedly quoted from in the Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by plaintiff in the Complaint are covered by the attorney-client privilege, the work product doctrine, and/or otherwise applicable privileges.

Defendants state that no response is required to the allegations relating to Counts II and III of the Complaint because they are no longer applicable following the Court's March 20, 2017 Memorandum and Order.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof or persuasion where such burden properly rests with plaintiff, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor, Defendants hereby assert the following defenses to the claims asserted in the Complaint.

### First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Defense

The Complaint fails, in whole or in part, to plead fraud with the necessary particularity required by Federal Rule of Civil Procedure 9(b).

### Third Defense

Defendants aver that their purchases and sales of APL Securities were made in good faith in conformity with the rules and regulations of the Securities and Exchange Commission.

**Fourth Defense**

This action is barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

**Fifth Defense**

Plaintiff's claims are barred, in whole or in part, because any alleged information regarding the potential sale of Elk City was not material or nonpublic.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, because neither plaintiff nor any non-party has suffered any legally cognizable injury or damage.

**Seventh Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants alleged conduct did not operate as a fraud or deceit upon any person in connection with the purchase or sale of any security.

**Eighth Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants neither owed nor breached any duty of trust or confidence to APL or APL Executive 1.

**Ninth Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants never agreed to maintain information relating to the Elk City sale in confidence and not use it to trade.

**Tenth Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants did not misappropriate information about the Elk City sale from APL Executive 1.

**Eleventh Defense**

Plaintiff's claims are barred, in whole or in part, because any alleged agreement not to trade was made after APL Executive 1 provided information to Defendants.

**Twelfth Defense**

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Defendants have not violated the Exchange Act and the SEC cannot show an equitable need for injunctive relief.

**Thirteenth Defense**

Plaintiff's claims are barred, in whole or in part, because the SEC has unreasonably delayed bringing these claims to the detriment of Defendants, and therefore these claims are barred by the doctrine of laches.

**RESERVATION OF RIGHTS**

Defendants expressly reserve the right to amend and/or supplement this answer, their defenses, affirmative defenses, and all other pleadings.  Defendants assert all defenses (affirmative or otherwise) that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against plaintiff dismissing the Complaint with prejudice, with costs, disbursements and attorneys' fees to Defendants, and such other legal and equitable relief as the Court may deem just and proper.


Dated:  April 3, 2017
      New York, New York

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _/s/ Daniel J. Kramer_
     Daniel J. Kramer (*pro hac vice*)
     Theodore V. Wells, Jr. (*pro hac vice*)
     Gregory F. Laufer (*pro hac vice*)
     Richard C. Tarlowe (*pro hac vice*)

1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
dkramer@paulweiss.com
twells@paulweiss.com
glaufer@paulweiss.com
rtarlowe@paulweiss.com

**BALLARD SPAHR LLP**
Henry E. Hockeimer, Jr.
Timothy M. Stengel

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 665-8500
Fax: (215) 864-8999
hockeimerh@ballardspahr.com
stengelt@ballardspahr.com

*Attorneys for Defendants Leon G. Cooperman and Omega Advisors, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel J. Kramer, hereby certify that on this date, I caused the forgoing

Defendants Leon G. Cooperman's and Omega Advisors, Inc.'s Answer to the Complaint to be

served upon all counsel of record via the Court's electronic filing service.


Dated: April 3, 2017

*/s/ Daniel J. Kramer*

Daniel J. Kramer (*pro hac vice*)